## J. H. Green v. The State.

No. 17216.   Delivered January 30, 1935.
Reported in 78 S. W. (2d) 960.

The opinion states the case.

*Hill D. Hudson,* of Pecos, for appellant.

*William L. Kerr,* District Attorney, of Pecos, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, eleven years in the penitentiary.

But two bills of exception were taken, one to the refusal of a peremptory charge to acquit, the other to the refusal of a requested charge that appellant should be acquitted unless the jury believed that he was connected with the original taking of money from the alleged burglarized bank,—even though they might believe the money was unlawfully taken by some other person, and that appellant knew it was stolen when he received same.  Appellant offered no testimony, and there is no suggestion in the record that the money taken from him when arrested, had been taken from the bank by another, or that he had gotten it from some one else after it had been stolen.  There was no error in the refusal of said instructions.

The case is one of circumstantial evidence, and was so submitted to the jury in the charge. As we understand the record, it presents a well and completely connected chain of circumstantial evidence.  A bank building at Barstow, Texas, in Ward County, was burglarized on the night of March 13, 1934.  That day ap-

pellant with Giles, Dunwoody and Yarbrough were twice seen at Wickett, a little town twenty-five miles from Barstow. They were driving a Ford V-8. The number of this car was taken by one of the witnesses, and corresponded with the number of the Ford V-8 car in which appellant and his three confederates were at the time they were arrested in Clovis, New Mexico, a day or two later. On the morning of the 14th of March the bank authorities discovered that the bank had been burglariously entered during the night; a large hole was burned in the bottom of the bank vault, and also another in the top of the vault. A quantity of silver money not in the vault, was taken. Parts of a broken overcoat button were found in the room. A tin wastebasket had been used to bring water into the room. Across the street it was observed where a car had been parked, having two new Firestone casings on the rear wheels, and two Goodrich Silvertowns on the front wheels. Clovis, New Mexico, is 286 miles from Barstow. The sheriff said he drove it in about six hours. During the afternoon of the 14th of March a man plowing in a field a few miles from Clovis observed four men in a V-8 Ford car, on what he called the old highway, going toward Clovis. They stopped their car, and he saw them apparently trying to drag something heavy out of the back of it. Observing him watching them, they pushed it back and drove off toward Clovis. After the arrest of appellant and his three companions, this man saw them in jail and identified two of them, but did not identify appellant. Nichols testified that he was a policeman at Clovis on March 14th; he saw appellant, Yarbrough, Giles and Dunwoody in Clovis; two of them approached a V-8 Ford car standing on the street; in a few minutes the other two also came along. Witnesses engaged them in conversation, and then arrested them. In said car he found guns, shells, a steel punch and three overcoats, one of which had a broken button. Later,—between Clovis and the home of the witness above referred to who saw the four men while he was plowing;—under a culvert Nichols found blow torches, hose and gauges, also a sledge hammer was found in either the V-8 Ford car or under the culvert. When Nichols arrested the four men he took off of them certain money, and put into an envelope the amount of the money taken from each, and wrote thereon the name of the party from whom same was taken. From appellant he took twelve silver dollars, about the same number of half dollars, and also the same number of quarters. He delivered the car, the men, the money and the articles found in the car and under the culvert to Mr. Dyer, the sheriff of Ward

County, who took the men and the other things back to Barstow and had them present at the trial.

The bank authorities said that shortly before the burglary a considerable quantity of silver money was brought in for deposit, which had been buried by its owner, and that said money had rusted and had dust, dirt and caliche on it. The presence of these foreign substances on the money could easily be detected by feeling and examination. Part of this money was taken by the burglars. The money recovered from appellant and his confederates was shown to be part of this buried money. The parts of a broken button found in the bank, fitted the broken button on one of said overcoats. In addition to the above circumstances, it was also shown that appellant was an experienced welder, used to blow torches, and able and capable in the handling and management of same. Without going further into the facts, we are of opinion that the jury were entirely justified in their conclusion as to appellant's guilt, based on the circumstances of the case.

The judgment will be affirmed.

*Affirmed.*